UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN DeRAY SASSER, SR., | No. 2:24-cv-00247-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| P. COVELO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 3.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff alleges that defendant correctional officer D. Martin conducted a retaliatory search of his cell in Mule Creek State Prison on September 8, 2022.  ECF No. 1 at 4.  According to plaintiff, "[t]here is documentation of multiple civil right violations involving Officer D. Martin … terrorizing inmates for years with retaliatory searches." *Id.*  As a result of the search,

plaintiff was charged with a disciplinary infraction of possession of a wireless communication device component. *Id.* at 3. Plaintiff alleges that he is innocent of the charge, but that the hearing officer, defendant Palencia, refused to allow plaintiff to present evidence at the disciplinary hearing. *Id.* at 3-7. Palencia was not impartial, and neither were the individuals who reviewed plaintiff's appeal of the disciplinary charge: defendants Covelo, Holmes, and Mosely. *Id.* at 6.

While "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotations and citations omitted). "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* In a prison setting, a liberty interest is recognized and protected where the conditions of confinement impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 485. When prison officials deprive an inmate of a protected liberty interest, they must provide certain procedural safeguards, which often include a right to present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Melnick v. Dzurenda*, 14 F.4th 981, 985 (9th Cir. 2021).

Plaintiff's due process claim against defendants Covelo, Holmes, and Mosely fail because these individuals' sole involvement with plaintiff's discipline was to review his administrative appeal of the disciplinary finding, and inmates lack an interest protected by due process in the proper processing of grievances. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff's remaining due process claim – against defendant Palencia – is insufficiently pled, because plaintiff has not alleged facts showing that the disciplinary finding deprived him of a protected liberty interest. In fact, the complaint is silent on what discipline was imposed as a consequence of the hearing presided over by Palencia. Plaintiff implies that the finding may impact his parole suitability in the future. ECF No. 1 at 7 ("Prior to the recent September 8, 2022, alleged 115-Rule Violation report the plaintiff has been successfully disciplinary free for five years."). But, "[t]he chance that a finding of misconduct will alter the balance [of a parole suitability hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Sandin*, 515 U.S. at 487. *See also Bennett v. Curry*, 386 Fed. Appx. 645, 646

(9th Cir. 2010).

Plaintiff's claim that defendant Martin's search of his cell was retaliatiory in violation of the U.S. Constitution is also unsupported by sufficient facts to make out the claim. To state a claim for retaliation in violation of the First Amendment, a prisoner must allege facts showing five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not allege that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568-69. Here, plaintiff has not pled facts showing that Martin conducted the search because of plaintiff's protected conduct, that the search had a chilling effect, or that the search did not reasonably advance a legitimate correctional goal.

### Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 3) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: July 19, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE